UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
IN RE:

    EDWARD J. MCDERMOTT               CASE NO. 06-61707

                        Debtor                     Chapter 7

------------------------------------------------------------
ECONOMIC DEVELOPMENT GROWTH
ENTERPRISES CORPORATION and
UTICA INDUSTRIAL DEVELOPMENT
CORPORATION

                        Plaintiffs

            vs.                             ADV. PRO. NO. 07-80033

EDWARD J. MCDERMOTT

                        Defendant
------------------------------------------------------------
APPEARANCES:

| | |
|---|---|
| SAUNDERS KAHLER, LLP | MERRITT S. LOCKE,. ESQ. |
| Attorney for the Plaintiff | Of Counsel |
| 185 Genesee Street, Suite 1400 | |
| Utica, New York 13501-2194 | |

EDWARD D. EARL, ESQ.
Attorney for Debtor/Defendant
4-6 North Park Row
Clinton, New York 13323

Hon. Diane Davis, U.S. Bankruptcy Judge

**MEMORANDUM-DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER**

      Under consideration by the Court is an argument made by Edward J. McDermott ("Debtor"

or "Defendant') in opposition to a motion filed on November 7, 2008, on behalf of Economic

Development Growth Enterprises Corporation ("EDGE") and Utica Industrial Development

Corporation ("UIDC") (collectively "Plaintiffs") seeking summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), incorporating Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

Oral argument on Plaintiffs' motion was heard on December 18, 2008, before the Honorable Stephen D. Gerling, U.S. Bankruptcy Judge for the Northern District of New York, at the Court's regular motion calendar in Utica, New York. The Court allowed the parties an opportunity to file memoranda of law on the issue of whether the Debtor should be allowed to raise the business judgment rule in opposition to the Defendants' motion for summary judgment despite the fact that he had not asserted it as an affirmative defense in his answer ("Answer"), filed on July 18, 2007.[1] The matter was originally submitted for decision on January 18, 2009. However, by letter dated February 4, 2009, Judge Gerling informed the parties that he would be retiring at the end of the month and proposed that either the matter could be transferred to the undersigned for a written decision based on the same record or the motion could be restored to the Court's motion calendar and reargued (Dkt. No. 46). The parties responded on February 23, 2009, indicating their decision to reargue the summary judgment motion, including the applicability of raising the business judgment rule (Dkt. No. 47).

The Court heard oral argument by the parties at its regular motion calendar in Utica, New York, on May 26, 2009. At that time, the Court indicated that if it should determine that the business judgment rule was available to the Defendant at this stage in the proceedings, it would then schedule a status conference to consider Plaintiffs' request for additional time for discovery before

---

[1] The adversary proceeding was commenced by the filing of a complaint ("Complaint") by the Plaintiffs on June 22, 2007 pursuant to §§ 523(a)(4) and (6) of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code").

giving further consideration to their motion for summary judgment. However, in the event that the Court were to determine that the Debtor's failure to assert the business judgment rule as an affirmative defense in its Answer constitutes a waiver of said defense, the Court would issue a decision on Plaintiffs' motion for summary judgment without any further submissions by the parties.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), (b)(2)(I).

## FACTS

On July 23, 2003, the Debtor executed a Promissory Note on behalf of Sensor Applications, Inc. ("SAI"), as its President, in favor of EDGE in the amount of $46,700. Also executed were two security agreements, one with respect to goods and equipment and the other for accounts and inventory. In addition, the Debtor executed a Corporate Guaranty on behalf of Integrated Sensors, Inc. ("ISI"), as its President, guaranteeing the debt of SAI to UIDC. Two security agreements were also executed on behalf of ISI, one for goods and equipment and a second for accounts and inventory. The Debtor also executed his personal guaranty of the debt of SAI to UIDC. *See* Exhibit "K", attached to affidavit of John S. Zielinski, EDGE's Vice President of Finance, sworn to November 5, 2008.

Allegedly on or about August 1, 2005, SAI defaulted on the UIDC Note. In addition, on

4

October 1, 2005, SAI defaulted on the EDGE Note.  On or about December 31, 2005, SAI and ISI ceased all operations.  On April 10, 2006, Debtor caused ISI to repay $90,000 on an outstanding debt of SAI, which SAI owed to the Small Business Administration ("SBA").  Plaintiffs assert that ISI had no obligation to pay the debt owed to the SBA by SAI.

Debtor filed a voluntary petition pursuant to chapter 7 of the Code on July 27, 2006.  In his schedules, he lists a debt of $26,834 owed to UIDC described as a "job development loan to SAI, January 2001 - December 2005."  In Debtor's Statement of Financial Affairs, SAI is identified as being involved in software products and engineering services.  According to the Debtor, "SAI was in the business of manufacturing automotive diagnostic equipment and technologically advanced computer based products."  *See* Debtor's Affidavit, sworn to December 2008 (Dkt. No. 32), at ¶ 3. ISI is identified as being involved in engineering services.  More specifically, Debtor indicates that ISI "was principally engaged in research and development under contracts with the Department of Defense at various locations in the United States.  It also conducted research for commercial companies and manufacturers and marketed products through SAI."  *Id.*  The Debtor indicates that he was "one of the former owners, directors and officers" of both companies.  *Id.* at ¶ 1.

**ARGUMENTS**

The Debtor contends that the two companies were "mutually dependent corporations with complementary functions and common ownership, management and liabilities, co-located in a shared workspace."  *Id.* at ¶ 3.  According to the Debtor, suppliers and customers treated the two companies as a single entity and that intercompany financial transfers were "routine."  *Id.* at ¶¶ 5-6.

5

While not asserted in his Answer, Debtor, in opposition to the Plaintiffs' motion for summary judgment, has taken the position that his actions are protected by the business judgment rule in that he acted in good faith, relying on financial statements prepared by the companies' accountants at the time the transaction from ISI to SBA on behalf of SAI occurred.

In response, the Plaintiffs take the position that because the Debtor failed to plead the business judgment rule as an affirmative defense in his Answer, he waived raising it in the context of Plaintiffs' motion seeking summary judgment. Citing *Monahan v. New York City Dept. of Corr.*, 214 F.2d 275, 283 (2d Cir. 2000), Plaintiffs do acknowledge that the Second Circuit has allowed a court to entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice, bad faith or dilatory motive on the part of the defendant, recognizing that it is a matter of the court's discretion in the context of a motion for summary judgment.[2]

## DISCUSSION

The business judgment rule provides a presumption in favor of directors and officers of a corporation that any actions taken and decisions made in those capacities were in the best interest of the company. As noted by the court in *In re Fleming Packaging Corp.*, 351 B.R. 626 (Bankr. C.D. Ill. 2006), "it is a common law standard of judicial review designed to protect the wide latitude conferred on a board of directors in handling the affairs of the corporation." *Fleming Packaging*,

---

[2] In the alternative, the Debtor requests that he be allowed to amend his Answer should the Court find that the business judgment rule was not appropriately raised for the first time in the his opposition to Plaintiffs' motion for summary judgment and should have been pled as an affirmative defense.

6

351 B.R. at 633. The presumption is that "in making a business decision, the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." *Id.*

The Debtor argues that the Plaintiffs, in seeking relief pursuant to Code § 523(a)(4) and (6) have the burden of proving his fraud or defalcation by a preponderance of the evidence. In order to establish defalcation, he contends that the Plaintiffs must show "conscious misbehavior or extreme recklessness" on his part, which, in turn, requires that they establish a lack of good faith and lack of due care. According to the Debtor, "[s]ince defendant's lack of good faith and lack of good care are elements of plaintiffs' case in chief, a general denial by defendant in his answer should be sufficient to put these business judgment standards in issue." *See* Debtor's Memorandum of Law at 6. According to the Debtor, the same showing is necessary to establish fraud.

Whether or not it is necessary to assert the business judgment rule as an affirmative defense in the Debtor's Answer was addressed in *dicta* in *Fleming Packaging*. In that case, the court was asked to strike certain affirmative defenses. According to the court,

> the business judgment rule is not a true affirmative defense. As a substantive rule of law, it does not have to be pleaded to be operative. When faced with a claim of director or officer liability, a court must apply the applicable business judgment rule even if not raised by any party. Nonetheless, the rule is defensive in nature and pleading it certainly allows the parties and the court to more clearly define the issues and assign the burden of proof.

*Id.* at 634-35.

Plaintiffs argue that the business judgment rule is only applicable in an action commenced by the corporation or shareholders, rather than by a creditor, against an officer or director, citing *Amfesco Indust., Inc. v. Greenblatt*, 172 A.D.2d 261 (N.Y.A.D. 1st Dept. 1991). In that case, the defendants contended that the causes of action, asserted by the Official Secured Creditors

7

Committee on behalf of the corporate debtor, belonged to the stockholders and creditors of the corporation and not to the corporation itself. *Id.* The court found that the defendants' contention that the plaintiff lacked standing to sue was faulty and concluded that an action may not only be maintained by stockholders and creditors, but also by the corporation itself. *Id.* at 264.

Plaintiffs also cite to *Amfesco* for the premise that "where, as here, the complaint alleges that the corporate decisions lacked a legitimate business purpose or were tainted by conflict of interest, bad faith or fraud, the business judgment rule may not be invoked to insulate the directors." *Amfesco*, 172 A.D.2d at 264. The court's ruling was in the context of defendants' motion to dismiss the complaint. Given that the court was to assume that the allegations in the complaint were true for purposes of considering a motion to dismiss it, the court simply found that the defendants could not assert the business judgment rule as a basis for dismissing the plaintiff's complaint.

Upon review of the case law and recognizing the discretion that the Court is given, it concludes that the Debtor/Defendant is entitled to raise the business judgment rule in opposing the Plaintiffs' motion seeking summary judgment. Furthermore, the Court recognizes that Fed.R.Civ.P. 15(a) allows for an amendment of the Debtor's Answer with leave of Court. In this regard, Fed.R.Civ.P. 15(a)(2) indicates that "[t]he court should freely give leave when justice so requires." According to the Debtor, there would be no prejudice to the Plaintiffs given that the discovery has been completed and the defense does not introduce any new issues; it merely shifts the burden of proof on the issue of good faith and due care to the Debtor. The Court is inclined to allow the Debtor to amend his Answer. *See generally, Monahan*, 214 F.3d at 283 (noting that the court has discretion "to entertain the defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer"). However, the Court also believes

8

that the Plaintiffs should be permitted time for additional discovery in connection with the business practices of both SAI and ISI and Debtor's representation that intercompany transfers were routine and that he, in good faith, relied on the advice and financial statements of the companies' accountants in authorizing said transfers.  *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 (2d Cir. 1995) (indicating that "[a] plaintiff's failure to anticipate an unasserted affirmative defense should not work to its detriment" and concluding that the plaintiff was entitled to additional discovery).

Based on the foregoing, it is hereby

ORDERED that the Debtor shall amend his Answer to assert the business judgment rule pursuant to Fed.R.Bankr.P. 15(a)(2) and file it within fifteen (15) days of the date of this Order; it is further

ORDERED that the Plaintiffs are allowed additional reasonable discovery in connection with the Debtor's assertion of the business judgment rule; it is further

ORDERED that the parties apprize the Court in writing of the status of the discovery no later than August 7, 2009 in order for the Court to schedule a pretrial conference; and it is finally

ORDERED Plaintiffs' motion for summary judgment is denied without prejudice and subject to renewal by the Plaintiffs upon completion of discovery.

Dated at Utica, New York

this 5th day of June 2009

                                               /s/ Diane Davis
                                              DIANE DAVIS
                                              U.S. Bankruptcy Judge